UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    CASE NO.: 09-CR-80123-RYSKAMP

vs.

JUAN CARLOS LOPEZ,

_____/

## MEMORANDUM IN SUPPORT OF THE GOVERNMENT'S MOTION FOR A SENTENCE REDUCTION PURSUANT TO U.S.S.G. SECTION 5K1.1

**COMES NOW** the Defendant, JUAN CARLOS LOPEZ, by and through undersigned counsel and respectfully requests this Honorable Court consider this memorandum and counsel's argument on behalf of Juan Carlos Lopez at the time of sentencing and would allege as follows:

1. On October 8th, 2009, Juan Carlos Lopez (herein, "Juan Lopez") was formally charged in a one count information charging Mr. Lopez with mortgage fraud in violation of Title 18, United States Code, Section 1014.

2. On November 20th, 2009, Juan Lopez, pursuant to a written plea agreement and side cooperation letter, pled guilty to the one count information charging him with mortgage fraud in violation of Title 18, U.S.C. §1014.

3. On or January 28th, 2010 the government filed a motion requesting this Honorable Court reduce Juan Carlos Lopez's sentence for providing substantial assistance in accordance with U.S.S.G. § 5K1.1. *See* D.E. 22

### DEBRIEFING

4. In late August 2009 Juan Carlos Lopez was contacted by agents of the Federal Bureau of Investigations concerning his alleged participation in a mortgage fraud scheme. Juan Carlos Lopez

retained counsel, contacted the special agent in charge of the case and Assistant United States Attorney Ellen Cohen and scheduled a meeting.

5. In the beginning of September 2009, Juan Carlos Lopez, accompanied by his attorney, voluntarily appeared at the United States Attorneys Office, West Palm Beach. Juan Carlos Lopez, agreed to cooperate and was debriefed for several hours and providing truthful, complete and valuable information about everything he knew about each participant and their role in this mortgage fraud scheme.

6. This information corroborated what was known to the government and agents about this investigation and provided additional information that would be valuable when proceeding with their investigation, arrests and trials of other targets and ultimately, defendants.

## JUAN GALLEGO

7. During Juan Carlos Lopez's debriefing he provided information concerning another mortgage fraud. That fraud involved some of the same defendants who are co-defendants in his case, and an additional co-defendant, Juan Gallego. Federal agents were interested in locating and speaking to Juan Gallego. Juan Carlos Lopez advised that he knew of Juan Gallego's whereabouts and had recently been in contact with him.

8. In an attempt to further his cooperation Juan Carlos Lopez contacted Juan Gallego and with the assistance of counsel advised him that it was in his best interest to hire counsel and contact the federal agents that were conducting this investigation. Juan Carlos Lopez encouraged Juan Gallego to come forward and assist the United States Attorneys Office and federal agents.

9. Subsequent to discussions with Juan Gallego he provided his telephone number to Juan Carlos Lopez and counsel. Juan Gallego requested that his contact information be forwarded to the United States Attorney and/or federal agents in this case.

10. Counsel believes that Juan Gallego contacted federal agents, met with them, is providing assistance, and, if he has not yet been charged with his participation in the mortgage fraud scheme, he will be probably be charged in the near future.

## INFORMATION CONCERNING FUGITIVE CO-CONSPIRATORS

11. **Fabio Salazar and Reinaldo Perez-Sanchez** are named defendants in the United States of America vs. Rony Alberto Aguilar-Hecker, case number 09-80125-Cr-Marra. This case is a companion case and involves co-defendants who are charged with similar conduct as is this defendant in this case and additional conduct concerning other mortgage frauds. Both Fabio Salazar and Reinaldo Perez-Sanchez are fugitives and believe to have fled to their native country, Colombia.

12. **Fabio Salazar**. In an attempt to continue cooperating on October 26th, 2009 counsel provided information to the prosecutor that had been obtained by Juan Carlos Lopez concerning the whereabouts of Fabio Salazar.

13. **Reinaldo Perez-Sanchez**. Reinaldo Perez-Sanchez is Juan Carlos Lopez' brother-in-law and was the person that recruited him into the mortgage transaction in which he was charged.

14. Juan Carlos Lopez, with the help of family members, was able to put counsel in communication with Reinaldo Perez-Sanchez. Counsel who was otherwise traveling to Colombia for business, with the help of Juan Carlos Lopez, was able to schedule a face to face meeting with Reinaldo Perez-Sanchez. Counsel advised the United States Attorneys Office of this meeting. Counsel met with Reinaldo Perez-Sanchez and advised him that he represents Juan Carlos Lopez. Counsel provided him with some details regarding the prosecution, advised him to retain counsel and it would probably be in his best interest to surrender and resolve his criminal charges. As of this date, Reinaldo Perez Sanchez has not surrendered but as a result of Juan Carlos Lopez's cooperation this meeting was arranged.

15. Juan Carlos Lopez also provided information concerning Reinaldo Perez Sanchez' whereabouts.

## AVAILABILITY AS A TRIAL WITNESS

16. Co-Defendants **Rony Alberto Aguilar-Hecker and Pablo Arturo Aponte-Torres**, who were defendants in the above styled companion criminal case, were scheduled for trial on January 11th, 2010. Assistant United States Attorney Ellen Cohen had advised counsel that if these two (2) defendants would proceed to trial she would evaluate the benefits of Juan Carlos Lopez' testimony and make a determination as to whether she should use him as a trial witness.

17. Although I do not believe Juan Carlos Lopez was listed as a government witness, nor was he debriefed as a trial witness, that information was made known to Juan Carlos Lopez and he stood ready, willing and able to assist the government in this trial if he was needed.

18. On January 7th, 2010, Pablo Alturo Aponte-Torres pled guilty and on January 15th, 2010, Rony Alberto Aguilar-Hecker pled guilty. The remaining co-defendant's in *United States v. Aguilar-Hecker, et. al.* have not been arrested and are fugitives.

## CONCLUSION

19. Juan Lopez has provided complete, truthful and valuable substantial assistance. He was among one of the first persons to be debriefed and agreed to cooperate. He provided information concerning the whereabouts of fugitive co-defendants. He was able to arrange a meeting with counsel to meet with one of the co-defendants in hopes that he would retain counsel and surrender to the United States. He assisted in convincing Juan Gallego to communicate with federal agents and surrender. There was a possibility that he would be a government witness in the trial of two (2) co-defendants and stood ready, willing and able to testify in that case.

20. Juan Carlos Lopez, as argued in his objections, is without a criminal history, a hard working husband and father to his two (2) children. There is no doubt that he obtained a significant amount of money for his participation in his criminal conduct. He was solicited by his brother-in-law, was not privy to any of the purchases or totality of the scheme, did not prepare any of the mortgage applications, did not provide false information, or submit the fraudulent mortgage loan applications. He did sign the documents and obviously, was aware that the scheme was illegal and signed the documents at the time of closing with the false information.

21. Counsel will argue at the time of sentencing, consistent with what has been argued in Juan Carlos Lopez' objections to the pre-sentence investigation report and for a significant reduction in his guideline sentence for the substantial assistance he provided.

Respectfully submitted,

/s/ Stephen J. Golembe
Stephen J. Golembe & Associates, P.A.
STEPHEN J. GOLEMBE, ESQUIRE
2340 South Dixie Highway
Miami, Florida 33133
(305) 858-0404 office / (305) 858-3100 facsimile
GolembeS@GolembeLaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 28th, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Stephen J. Golembe
STEPHEN J. GOLEMBE, ESQUIRE

## SERVICE LIST
### United States of America v. Juan Carlos Lopez
### Case No. 09-Cr-80123-Ryskamp
### United States District Court, Southern District of Florida

Ellen L. Cohen, Assistant United States Attorney

Ellen.Cohen@usdoj.gov

United States Attorney's Office

500 Ausutralian Avenue

Suite 400

West Palm Beach, FL 33401

(561) 820-8711 office

Attorney for Plaintiff

U.S.A.

CM/ECF